WALLACE SAVAGE, PLAINTIFF, v. BERTRAM W. SAUNDERS, JOHN T. PRATT, JOSEPH D. SEARS, DANIEL D. JACKSON AND FRED L. McCARTY, DEFENDANTS.

Submitted October 15, 1927—Decided January 18, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the plaintiff, *John A. Matthews.*

For the defendants Bertram W. Saunders, Joseph D. Sears, Fred L. McCarty and Savage Rubber Corporation, *Osborne, Cornish & Scheck.*

For the executors, &c., of John T. Pratt, deceased, Harold I. Pratt and Ruth B. Pratt, *Congleton, Stallman & Hoover.*

PER CURIAM.

There are a number of defendants in this case, which was begun at some time in 1926, but we are concerned only with the alleged service of summons upon John T. Pratt, originally named as a defendant, and who is since deceased, and the substitution of his executors as defendants by rule of court under the provisions of the Abatement act.

First, as to Pratt, deceased. He was alive when the suit was begun, but did not live in this state. The sheriff, by instruction of the plaintiff's attorney, served the summons and complaint on Mr. Cornish, an attorney of this court and a member of the firm of Osborne, Cornish & Scheck, described in the return of the sheriff as "attorneys for John T. Pratt, at their office, 790 Broad street, Newark." This was evidently done at the direction of the plaintiff's attorney, and, presumably, because some two weeks earlier the firm in question, describing themselves as "attorneys for defendants," had given notice of a motion for a rule "extending the time of the defendants to file answers." There had been a default judgment against one of the defendants, which was opened, but with this we do not seem to be concerned. It is obvious that at the time that this notice was served there was no occasion to extend the time for Pratt to answer, because there had been no suggestion of a service of process upon him, and, consequently, the only rational conclusion is that the motion related to defendants who had been served with process. Even after the return of alleged service as made by the sheriff, and noted above, no judgment was taken as against Pratt, and as to him the suit drifted until August of 1927, when the plaintiff represented to the court in the usual form that Pratt had died on June 17th, 1927, testate, and naming his execu-

tors, whereupon the circuit judge, acting for the Supreme Court, directed that said executors be substituted as parties defendant in the place and stead of John T. Pratt, deceased. Evidently, the making of this rule came to the knowledge of the executors, who, through the counsel now appearing for them, gave notice of a motion to be made on August 24th to set aside the service of summons on Pratt, and to vacate the order, substituting the executors as parties. The motion was originally made before a single justice, who directed that it be heard by the full court.

We are quite clear that the substitution of executors should not be vacated. As to this phase of the case, it is immaterial whether Pratt was served or appeared, or not. Assuming he was not served, there is nothing that we can see to prevent the plaintiff substituting the executors of an unserved defendant after his death. In fact, it is necessary that the executors should be made parties to the suit in order to enable them to make any motion in the cause, even by way of special appearance. If they had not been substituted as parties, it would have been necessary for them to intervene and ask that they be admitted before they could make a motion to quash the service of the summons. Being such parties, they properly moved to set aside the service of summons on their testator. When we come to examine into the merits of that motion, we are clearly of opinion that it should prevail. The matter was heard on *ex parte* affidavits without any objection, and there was no rule to show cause made, so that these affidavits are properly before us. It clearly appears from them that Messrs. Osborne, Cornish & Scheck were never retained as attorneys for Mr. Pratt, never undertook to appear as such, and that they had no authority to appear for him. Their signature as "attorneys for defendants" is to be read in connection with the notice which, as we have already said, relates exclusively to extending the time to answer of certain defendants, who must have been served in order to require such extension. Apparently, the counsel for plaintiff is asking us to say that if an attorney, by a pure clerical blunder, puts himself on the record as the attorney of "A" (assuming that

such is the present case), that will bind "A" who had never seen or communicated with him, and that, although no one did anything on reliance of the error, if error there was.

The executors have appeared specially; there is no question about that. We consider that they are entitled to have the service as against their testator set aside, and as to this branch of the motion such will be the order. With respect to their being substituted as parties, that motion will be denied.

Each party succeeding in part, no costs will be allowed.